## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MACKEY and | : | No. 3:12cv1561 |
| IDA MACKEY, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF CASS, | : | |
| JAMES D. THOMAS, | : | |
| MICHAEL KULPCAVAGE, and | : | |
| JOHN W. WALATIS, | : | |
| Defendants | : | |

**MEMORANDUM**

Before the court for disposition is defendants' motion to dismiss

Counts I-IV and VI-VII of plaintiffs' complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6).  (Doc. 6).  This motion has been fully briefed and

is ripe for disposition.

**Background**

This case arises from Plaintiffs Joseph Mackey[1] and Ida Mackey's

(hereinafter "plaintiffs") real and personal property dispute with the

defendants over property located within the Township of Cass, Schuylkill

County, Pennsylvania.  (Doc. 1-2, Ex. 1, Compl. (hereinafter "Compl.")).

Defendants James D. Thomas, Michael Kulpcavage and John W. Walatis

---

[1] Plaintiffs Joseph Mackey and Ida Mackey are husband and wife. (Doc. 1-2, Ex. 1, Compl. ¶ 1).  Joseph Mackey passed away from pancreatic cancer shortly after the filing of the complaint.  (See Doc. 10, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 1 n.1).

are named as defendants in their official capacity as Cass Township supervisors (Id.)  Defendant Thomas is also joined as a defendant in this action in his individual capacity.  (Id.)

Plaintiffs own real property in Cass Township.  (Id. ¶ 1).  Plaintiffs' property is identified as Tax Parcel I.D. Number 05-13-0034.0000 and recorded in the Schuylkill County Recorder of Deeds at Deed Book 1257, page 521.  (Id.)  Plaintiffs' mailing address is 41 Green Avenue, Pottsville, Pennsylvania.  (Id.)  Plaintiffs purchased their real property on June 15, 1978 and have continuously resided on their property from June 15, 1978 until the present.  (Id. ¶ 5).

The specific real property at issue in this case begins at the southwesterly corner of plaintiffs' property and continues along the southeasterly boundary for a distance of eighty-six feet to a width of approximately twenty feet (hereinafter "property extension").  (Id. ¶ 8).  This property extension is not included in plaintiffs' deed.  Plaintiffs allege to have used the property extension exclusively, openly, publicly, continuously and adversely to all others from June 15, 1978 until February 14, 2012.  (Id. ¶¶ 11-13, 15, 22-35).  In addition, plaintiffs added fill to the property extension.  (Id. ¶ 13).  The fill built up the property extension's bank creating more room for parking.  (Id. ¶¶ 9, 13).

On September 22, 2010, Defendant Thomas mailed a letter to plaintiffs. (Id. ¶ 16; Doc. 10-1, Ex. A, letter dated Sept. 22, 2010). Defendant Thomas' letter informed plaintiffs of a request, in the form of a petition from residents of Green Avenue and Shady Lane, to construct a road from the end of Green Avenue to Shady Lane. (Doc. 10-1, Ex. A, letter dated Sept. 22, 2012).

Over a year later on December 4, 2011, plaintiffs constructed a shed to store personal property. (Compl. ¶ 17). Plaintiffs located the shed partially on the property extension and partially on plaintiffs' deeded property. (Id.)

On January 6, 2012, Defendant Township of Cass filed a declaration of taking (hereinafter "declaration") in the Court of Common Pleas of Schuylkill County, Pennsylvania. (Doc. 10-1, Ex. A, declaration of taking). The declaration was authorized by a May 26, 2011 resolution of the Cass Township Supervisors and by the Pennsylvania Eminent Domain Code, 26 PA. CONS. STAT. ANN. §§ 101-1106. (Id. ¶ 2). The township sought to condemn the property for the purposes of extending Green Avenue to Shady Lane. (Id. ¶ 5). Although the proposed extension of Green Avenue to Shady Lane would be constructed directly through plaintiffs' property extension, the plaintiffs were not a party to the declaration. (Id. ¶ 4).

Additionally, on January 6, 2012, Defendant Brennan mailed a letter to plaintiffs.  (Compl. ¶ 18; Doc. 10-2, Ex. B, letter dated Jan. 6, 2012).  Defendant Brennan's letter directed plaintiffs to immediately remove the shed from the property extension or "we will take appropriate action." (Doc. 10-2, Ex. B, letter dated Jan. 6, 2012).

On February 8, 2012, Defendant Kuklinski mailed a letter to plaintiffs. (Compl. ¶ 20; Doc. 10-3, Ex. C, letter dated Feb. 8, 2012).  Defendant Kuklinski's letter placed plaintiffs on formal notice that plaintiffs' shed was violating the township code.  (Doc. 10-3, Ex. C, letter dated Feb. 8, 2012). The letter directed plaintiffs to remove their shed within seventy-two hours. (Id.)  Plaintiffs were threatened with fines for violating the township code if the shed was not removed within seventy-two hours.  (Id.)  Finally, Defendant Kuklinski's letter placed plaintiffs on notice that they would be responsible for any and all costs of the shed's removal incurred by the township if the shed was not removed within the time limit.  (Id.)

On February 14, 2012, plaintiffs witnessed Defendant Thomas, Defendant Kulpcavage, Mr. Anthony Kuklinski and an additional unidentified man loading plaintiffs' shed onto a flatbed truck.  (Compl. ¶ 22).  Plaintiffs requested defendants transfer the shed onto plaintiffs' deeded property.  (Id. ¶ 24).  Although Defendant Kuklinski indicated he was willing to leave the shed on plaintiffs' property, plaintiffs aver

4

Defendant Thomas insisted on removing the shed to a tow yard.  (Id. ¶ 25).

After the shed was moved onto the flatbed truck, Defendant Kuklinski

advised plaintiffs they could not retrieve their shed without a police escort.

(Id. ¶ 29).

On February 18, 2012, plaintiffs were able to inspect their shed with

a police escort.  (Id.  ¶¶ 42-43).  Plaintiffs aver their shed was damaged

because the door would not close properly.  (Id. ¶ 43).  Plaintiffs observed

a number of the shed's items were broken.  (Id.)

The Township of Cass began constructing a roadway from the end of

Green Avenue to Shady Lane on June 28, 2012.  (Id. ¶ 48).  The

construction went through the property extension.  (Id. ¶ 16).

On July 13, 2012, plaintiffs filed a seven-count complaint in the Court

of Common Pleas of Schuylkill County.  (Id.)  Count IV of the complaint is a

federal law cause of action alleging defendants deprived plaintiffs of

property without due process of law in violation of the Fifth Amendment of

the United States Constitution.  (Id. ¶¶ 63-64).  Counts I-III and V-VII raise

state-law claims:  Count I, ejectment; Count II, trespass; Count III,

conversion; Count V, assault; Count VI, civil conspiracy; Count VII, agency

and/or vicarious liability.  (Id. ¶¶ 52-61, 69-79).[2]

---

[2]Defendants filed a Motion to Dismiss with regard to all counts except
Count V: assault.  (Doc. 8, Def.'s Mem. in Supp. to Mot. to Dismiss at 2).

Defendants removed the case to this court on August 10, 2012. (Doc. 1, Notice of Removal). On August 17, 2012, defendants filed the instant motion, alleging plaintiffs have failed to state a claim upon which relief can be granted. The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiffs assert a civil rights claim under 42 U.S.C. § 1983 (hereinafter "Section 1983"). The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See also 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

The court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232

7

(citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

To determine the sufficiency of a complaint, the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Generally, a court should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

8

**Discussion**

On July 13, 2012, plaintiffs filed a seven-count complaint in the Court of Common Pleas of Schuylkill County.  Count IV of the complaint alleges defendants deprived plaintiffs of property without due process of law in violation of the Fifth Amendment of the United States Constitution. (Compl. ¶¶ 63-64).  Without this claim, no basis for federal district court jurisdiction exists, and the complaint should be dismissed for lack of subject matter jurisdiction.  After careful review, we will sua sponte raise the justiciability doctrine of ripeness and dismiss plaintiffs' complaint for failure to exhaust state remedies, specifically inverse condemnation, prior to filing a Section 1983 action.

Although it is not raised in any party's pleading or brief, the justiciability doctrine of ripeness is controlling.  The ripeness doctrine determines whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.  U.S. CONST. art. III, §§ 1-2; Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Eng'rs, Local Union N. 66, 580 F.3d 185, 190 (3d Cir. 2009).

> [B]ecause issues of ripeness involve, at least in part, the existence of a live "Case or Controversy," we . . . must determine whether the issues are ripe for decision in the 'Case or Controversy' sense. Further, to the extent that questions of ripeness involve the exercise of judicial restraint from unnecessary

9

decision of constitutional issues, the Court must determine whether to exercise that restraint . . . .

Blanchette v. Con. Gen. Ins. Corps., 419 U.S. 102, 138 (1974).  "We are required to raise the issue sua sponte even though the parties do not." Nextel Commc'n of Mid-Atl. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002); Acierno v. Mitchell, 6 F.3d 970, 974 (3d Cir. 1993).

For a claim to be actionable under Section 1983, a plaintiff must allege and prove the denial of some right, privilege or immunity secured by the Constitution or laws of the United States by someone acting under color of state law.  Basista v. Weir, 340 F.2d 74, 79 (3d Cir. 1965).  Taking as true the allegations of the complaint, as must be done on a motion to dismiss, the court cannot find any federally protected right that is ripe for decision.

Plaintiffs Section 1983 claim is not ripe because plaintiffs have not sought compensation through Pennsylvania's Eminent Domain Code.[3] The Fifth Amendment does not proscribe the taking of property, it proscribes taking property without just compensation.  Williamson Cnty. Reg'l Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194

---

[3]Generally, a "no-exhaustion" policy applies to Section 1983 actions. Monroe v. Pape, 365 U.S. 167, 183 (1961); Patsy v. Bd. of Regents of the State of Fla., 457 U.S. 496, 502 (1982).  However, the Supreme Court in Williamson Cnty. Reg'l Planning Com'n v. Hamilton Bank of Johnson City, distinguished the Patsy no-exhaustion policy from the finality requirement in takings cases.  473 U.S. 172, 194 n.13 (1985).

(1985).  "Because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a Section 1983 action."  Id. at 194 n.13 (1985).

Moreover the Fifth Amendment does not require just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "reasonable, certain and adequate provision for obtaining compensation" exist at the time of the taking.  Id. at 194.  (internal citations omitted).  If the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking.  Id. at 194-95.  (internal citations omitted).  If a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.  Id. at 195.

Pennsylvania provides an adequate process for plaintiffs to obtain just compensation.  Pennsylvania's Eminent Domain Code provides inverse condemnation procedures through which a landowner may seek just compensation for the property.  See 26 PA. CONS. STAT. ANN. §§

11

502(c), 709; Chainey v. Street, 523 F.3d 200, 223 (3d Cir. 2008).  These statutory procedures "fully protect . . . the rights of the property owner and guarantee . . . to him the constitutional safeguards to which he is entitled, including appropriate appellate review."  Valley Forge Golf Club v. Upper Merion Twp., 221 A.2d 292, 293 (Pa. 1966); accord Kao v. Red Lion Mun. Auth., 381 F. Supp. 1163, 1166 (M.D. Pa. 1974) ("The Pennsylvania Constitution and Eminent Domain Code fully preserve all the constitutional rights due plaintiffs with respect to the public taking, injury or destruction of private property.").

Plaintiffs allege they have gained a property interest in the property extension through adverse possession.  Because plaintiffs have an interest in the property extension, plaintiffs assert their property extension has been used, damaged, and in effect taken without due process of law in violation of the Fifth Amendment of the United States Constitution.  But, the fact plaintiffs were deprived of their land before any condemnation took place does not mean their constitutional rights were denied, because compensation is available under Pennsylvania law.  Yearsley v. Ross Constr. Co., 309 U.S. 18, 21-22 (1940); Elterich v. City of Sea Isle City, 477 F.2d 289, 291 (3d Cir. 1973); KAO v. Red Lion Mun. Auth., 381 F. Supp. 1163, 1166 (M.D. Pa. 1974).  Plaintiffs in the present case are similar to the landowner in Williamson County., because they did not avail

12

themselves of inverse condemnation procedures prior to filing a Section

1983 action. (See generally Compl.). Therefore, as was decided in

Williamson County., the Section 1983 action is premature, or in other

words, not ripe for disposition until plaintiffs proceed through inverse

condemnation proceedings. See 473 U.S. 172 at 197.[4]

Accordingly, based upon all of the above, it appears that plaintiffs'

federal cause of action for deprivation of property without due process of

law may not be ripe. If the plaintiffs' federal cause of action is not ripe, it

would be subject to dismissal. Where litigation is in its early stages and

the complaint asserts federal question jurisdiction, the district court has "a

powerful reason not to continue to exercise [supplemental] jurisdiction"

when the federal cause(s) of action in the case are dismissed. Carnegie-

Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). Thus, if the court

dismisses the federal cause of action, we would decline to exercise

supplemental jurisdiction over the state law claims and remand those

claims to state court. See 28 U.S.C. § 1376(c)(3).

---

[4]The Third Circuit Court of Appeals recently held that the Williamson
County. ripeness test does not apply to all takings cases. In Carole Media
LLC v. N.J. Transit Corp., the Third Circuit Court of Appeals held that when
a plaintiff proves a government has taken its property for a private, not a
public, use, the claim is ripe as a violation of the public use clause. 550
F.3d 302, 308 (3d Cir. 2008). The present case is distinguishable from
Carole Media because the defendants in this case have taken property for
a public use: to build a road.

When a complaint is subject to dismissal, we must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. Id. We may dismiss the action if the plaintiff does not submit an amended pleading within the time limit or if the plaintiff files notice with us of their intent to stand on the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 -246 (3d Cir. 2008). Plaintiffs' only non-futile curative option is to amend their complaint by stating that the plaintiffs have filed an inverse condemnation action with the state courts and the state courts have decided that action.

**Conclusion**

Therefore, we will provide the plaintiffs seven (7) days to file an amended complaint properly indicating that the instant cause of action is ripe because plaintiffs have filed an inverse condemnation proceeding and that action has been decided by the state courts. Failure to so amend will result in the dismissal of the due process claim as "not ripe" and the remand of the state law causes of action to state court. Should plaintiffs wish for the case to be remanded before seven (7) days, they may file a

14

letter with this court stating their intent to stand on their complaint.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MACKEY and | : | No. 3:12cv1561 |
| IDA MACKEY, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF CASS, | : | |
| JAMES D. THOMAS, | : | |
| MICHAEL KULPCAVAGE, and | : | |
| JOHN W. WALATIS, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit this 31st day of October 2012, the plaintiffs are directed to file an amended complaint within seven (7) days, if appropriate, that indicates that their federal cause of action is ripe. Failure to file the amended complaint will result in the dismissal of Count IV and remand of the remaining claims to state court.

BY THE COURT:


s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**