# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MACKEY and IDA MACKEY, | : | No. 3:12cv1561 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| TOWNSHIP OF CASS, JAMES D. THOMAS, MICHAEL KULPCAVAGE and JOHN W. WALATIS, | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court is Plaintiffs Joseph Mackey and Ida Mackey's motion for reconsideration (Doc. 12).  Plaintiffs move for reconsideration of the court's Memorandum and Order dated October 31, 2012, which ordered plaintiffs to file an amended complaint.  In the alternative, plaintiffs request an extension of time to file an amended complaint.  For the following reasons, plaintiffs' motion for reconsideration will be denied.  But, the court will grant plaintiffs thirty (30) days to file an amended complaint.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds for such a motion to be

granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

In the Memorandum and Order dated October 31, 2012, the court ordered plaintiffs to file an amended complaint.  In reaching this decision, the court sua sponte raised the issue of ripeness.  (Doc. 11, Mem. & Order dated Oct. 31, 2012 at 10).   The court held plaintiffs' Section 1983 action was not ripe until plaintiffs proceeded through inverse condemnation proceedings in state court.  (Id. at 13).

Having reached the conclusion that plaintiffs' Section 1983 action was not ripe, the court directed plaintiffs to file an amended complaint.  (Id. at 14).  We held plaintiffs' only non-futile curative option was to amend their complaint by stating that the plaintiffs filed an inverse condemnation action with the state courts and the state courts decided that action.  Plaintiffs did not amend their complaint.  Plaintiffs responded by filing their motion for reconsideration, or in the alternative, a motion for an extension of time to file an amended complaint.

2

In their instant motion, plaintiffs request that the court reconsider its prior ruling for the following reasons:

> The Court reads the existing Complaint too narrowly in that the issue of justiciability assumes that the sole remedy sought under Count IV of the Complaint (42 U.S.C.A. 1983) are damages for the taking of property, when in fact this is not the case. . . . While condemnation damages (inverse or otherwise) for the seizure of the Property Extension are closely related considerations, the trespass, the seizure and destruction of antiques and other personal property, the continued denial of use and enjoyment of the personal property (including the shed right up until the date of this motion) the official intimidation imposed not only on in [sic] the seizure but also the exclusion are plainly averred in the Complaint and have independent significance wholly apart from and claim for damages for loss of use of the real property (the Property Extension) are within the umbrella of the Plaintiffs' civil rights Count as pleaded.

(Doc. 12, Mot. for Recons. ¶¶ 3(a), 8).

The court will deny plaintiffs' motion for reconsideration. Plaintiffs' arguments fail to amount to a clear error of law or manifest injustice; rather, plaintiffs' reasons represent little more than recycled arguments that attempt to convince the court to re-think our decision. Specifically, plaintiffs have repackaged their arguments under the guise of substantive due process. We reject plaintiffs' attempt to bootstrap their state law claims into a federal court action by dressing it in the verbiage of substantive due process when that claim is not expressly stated as a count

3

within plaintiffs' complaint.[1]  We can only interpret what is written in a complaint.  Accordingly, plaintiffs' motion for reconsideration will be denied.

In the alternative, plaintiffs request an extension of time to amend their complaint.  When a complaint is subject to dismissal, we must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Alston v. Parker,</u> 363 F.3d 229, 235 (3d Cir. 2004).  As currently written, plaintiffs' only non-futile curative option is to amend their complaint by stating that the plaintiffs have filed an inverse condemnation action with the state courts and the state courts decided that action.  However, we will grant plaintiffs' request for an extension of time to amend their complaint to include such a claim or any other constitutional claim they can properly assert.  An appropriate order follows.

---

[1]Count IV of plaintiffs' complaint is a Fifth Amendment claim asserted through Section 1983.  (<u>See</u> Compl. ¶¶ 62-68).

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH MACKEY and<br>IDA MACKEY, | : | No. 3:12cv1561 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| TOWNSHIP OF CASS,<br>JAMES D. THOMAS,<br>MICHAEL KULPCAVAGE and<br>JOHN W. WALATIS, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit this 8th day of November 2012, plaintiffs' motion for reconsideration (Doc. 12) is hereby **DENIED**; however, we will **GRANT** plaintiffs an additional thirty (30) days from the date of this order to file an amended complaint.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY
                                        United States District Court**